# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALPHONSO R. TOBY,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
PH-4324-14-0392-I-1

DATE: April 2, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ralph B. Pinskey</u>, Esquire, Harrisburg, Pennsylvania, for the appellant.

<u>Stacey Conroy</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to remove references to the appellant's receiving a term appointment in the excepted service, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). Additionally, we FORWARD the appellant's chapter 75 adverse action claim to the Northeastern Regional Office for docketing as a separate appeal.

## BACKGROUND

¶2 The appellant filed what he identified as a "USERRA appeal of his removal from employment," and the administrative judge issued an acknowledgment order identifying the jurisdictional requirements for a USERRA claim and ordering the appellant to submit the information necessary for determining whether the Board had jurisdiction over the appeal. Initial Appeal File (IAF), Tab 1, Tab 2 at 2. After the appellant provided the requested information, the parties engaged in discovery and the appellant filed a motion to compel. IAF, Tab 5. Prior to responding to the appellant's motion to compel, the administrative judge issued an order identifying a potential jurisdictional issue. IAF, Tab 8. In particular, the administrative judge ordered the appellant to file evidence and argument on

whether the Board had jurisdiction over an adverse action appeal filed by an individual serving in a temporary appointment. *Id.* In response to this order, the appellant asserted that the cases cited by the administrative judge, for the proposition that an employee serving under a temporary appointment for a period of 1 year or less has no right of appeal from an adverse action, were not applicable to his case because his claim was of discrimination based on his status as a disabled veteran under USERRA. IAF, Tab 9. The administrative judge then issued an order on USERRA jurisdiction. IAF, Tab 11. The administrative judge also convened a discovery conference and denied the appellant's motion to compel on the ground that the information requested was not relevant to the appellant's USERRA claim. IAF, Tab 19.

¶3 The administrative judge convened a prehearing conference on July 10, 2014. IAF, Tab 30. On July 17, 2014, the appellant filed a motion to expand the scope of the hearing, requesting to add two new issues to the appeal: (1) whether the appellant's appointment was a reinstatement, which he argued would provide an additional basis for the Board's jurisdiction; and (2) whether the agency violated USERRA by not reinstating him. IAF, Tab 28. The administrative judge declined to expand the scope of the hearing because the record had established that the appellant was not reinstated, and the appellant had declined an earlier opportunity to raise these issues. IAF, Tab 30 at 2.

¶4 In an initial decision, the administrative judge denied the appellant's request for corrective action under USERRA. IAF, Tab 33, Initial Decision (ID) at 1, 9. The administrative judge found that the appellant failed to establish that his military service was at least "a substantial or motivating factor" in the termination of his appointment. ID at 5. Although he declined to expand the scope of the hearing, the administrative judge considered the appellant's argument that he should have been reinstated to a term position in support of his USERRA claim, and he found that the evidence supported the agency's position that the appellant had not been reinstated. ID at 7-8.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not shown that his prior military service was a substantial or motivating factor in the agency's decision to terminate his appointment.</u>

¶6 On review, the appellant reasserts his argument that circumstantial evidence establishes that he was discriminated against based on his military service and service-connected disability when his appointment was terminated. PFR File, Tab 1 at 16-19. These same arguments were presented before the administrative judge and thoroughly analyzed in the initial decision. ID at 4-9. In a USERRA action there must be an initial showing by the employee that his military status was at least a motivating or substantial factor in the agency action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). Discriminatory motive or intent may be proven by circumstantial evidence. *See id.* at 1014.

¶7 The administrative judge properly considered the appellant's argument that circumstantial evidence shows that his military service and service-connected disability were factors in the agency's decision to terminate his appointment, yet he found that the appellant failed to meet his burden of proof. ID at 9. As properly set forth by the administrative judge, the factors that may prove an inference of USERRA discrimination include: proximity in time between the employee's military activity and the adverse employment action; inconsistencies between the proffered reasons and other actions by the employer; an employer's expressed hostility toward members protected by USERRA together with knowledge of the employee's military activity; and disparate treatment of certain employees compared to employees with similar work records or offenses. *See Sheehan*, 240 F.3d at 1014. The appellant argues on review that the agency's choice to appoint him to a term appointment instead of to reinstate him is part of the circumstantial evidence in support of his USERRA discrimination claim. PFR File, Tab 1 at 16-19. We find that the method of the appellant's appointment and

the other circumstantial evidence he relies on to support his USERRA claim do not meet his burden of proof because he has not shown disparate treatment, animus toward members protected by USERRA, proximity in time between his military activity and the termination, or any other facts that would establish a nexus between the agency's action and his military service or service-connected disability. Because the administrative judge's finding that the appellant failed to meet his burden of proof is supported a preponderance of the evidence and the applicable law, we discern no reason to disturb this finding on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997).

¶8 The appellant asserts on review that the administrative judge erred in finding that the appellant committed the misconduct underlying the decision to terminate his appointment. PFR File, Tab 1 at 12-15. Contrary to the appellant's argument, the initial decision does not make a finding regarding the allegations of misconduct. The administrative judge provided notice to both parties that the merits of the decision to terminate the appellant's appointment was not the issue before him stating, "I note that the Board's jurisdiction under USERRA does not extend beyond the complained of discrimination based on military or related status; it does not allow for a decision on the merits of the underlying matter except to the extent necessary to address the appellant's USERRA claim." IAF, Tab 19 at 2. The initial decision properly analyzes the appellant's USERRA claim without deciding the merits of the underlying decision to terminate his appointment. *See Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, ¶¶ 12-17 (1999) (even if the underlying personnel action was improper on some other grounds, the Board cannot order remedial action in a USERRA appeal if the appellant fails to prove discrimination based on military service). The burden in the appeal never shifted to the agency to prove a legitimate nondiscriminatory reason for terminating the appellant's appointment because he failed to meet his initial burden of showing that military status was at least a motivating or substantial factor in the agency's action. *See Sheehan*, 240 F.3d at 1014 (an

employee must make an initial showing that his military status was a motivating or substantial factor in the agency action before the burden shifts to the agency prove that it would have taken the action despite the employee's protected status).

<u>The administrative judge did not err in denying the appellant's motion to compel discovery and motion to expand the scope of the hearing.</u>

¶9      On review, the appellant argues that the administrative judge erred in denying his motion to compel discovery.  PFR File, Tab 1 at 16 n.8.  The appellant's motion to compel discovery concerned two categories of information. *Id.* at 4.  First, the appellant requested information concerning the application process, including the evaluation of his successful application, information concerning his previously unsuccessful applications, and the applications of other successful applicants.  IAF, Tab 5 at 3-4.  Second, the appellant requested information about the investigation that ultimately led to the termination of his appointment, including the social security numbers and addresses of the alleged victim and another witness, and medical information about the alleged victim. *Id.* at 4-10.  The agency objected to these requests on the basis of relevance.  IAF, Tab 19.

¶10      An administrative judge has broad discretion in ruling on discovery matters and absent an abuse of discretion the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013). The administrative judge denied the appellant's motion to compel discovery because he found that the information sought was not relevant to the appellant's USERRA claim.  IAF, Tab 19.

¶11      The administrative judge did not abuse his discretion in determining that the information the appellant requested about his previous applications for employment is not relevant to this appeal.  The stated purpose for requesting the application materials was that it might provide circumstantial evidence that the

agency did not want to hire the appellant because of his status as a veteran.[2]  IAF, Tab 5 at 3-5.  Although this information may have been relevant if the appellant's USERRA claim concerned these nonselections, it is not relevant in this appeal over the termination of his appointment.  *See Sheehan*, 240 F.3d at 1014 (in determining whether the employee has proven that his protected status was part of the motivation for the agency's conduct the agency's explanation for the actions taken may be considered).

¶12    The administrative judge did not abuse his discretion in determining that the appellant's requests for an unredacted copy of the police investigation, medical information concerning the alleged victim, and the social security numbers and addresses of the alleged victim and one other witness were not relevant to his USERRA claim.[3]  *See Metzenbaum v. Department of Justice*, <u>89 M.S.P.R. 285</u>, ¶ 15 (2001) (the Board's authority in USERRA appeals does not extend beyond the complained of discrimination because of military status, and does not allow for a decision on the merits of the underlying personnel action, except to the extent necessary to address the appellant's military status claims).  The only information redacted from the police report is the names of the witnesses.  IAF, Tab 4 at 2(d)(12-22).  This information, which the appellant requested to impeach the credibility of the witnesses, is not relevant because, even if the appellant proved that the witnesses were not credible, the misconduct underlying the agency's decision includes the appellant's lack of candor in responding to investigators.  The investigator noted at the end of the police report that there was insufficient evidence to criminally prosecute the appellant but that, "[s]ince there is evidence that [the appellant] was not truthful with regard to the events on the

---

[2] The Coatesville Medical Center Director testified that under agency policy the position the appellant held, Housekeeping Aid, must be filled by veterans and that every employee encumbering the position during the relevant time period was a veteran. Hearing Compact Disc (HCD) (testimony of Director G.D.).

[3] The social security numbers and addresses were requested so that the appellant could run criminal background checks on the witnesses.  IAF, Tab 5 at 5, 9-10.

evening of 02/15/2013, this matter will be handled administratively." *Id*. at 2(d)(20). The deciding official testified that the appellant's statements during the investigation were not credible when compared to a video taken of him on the night in question. HCD (testimony of Director G.D.). The credibility of the other witnesses involved in the investigation has no bearing on the appellant's own lack of candor, which ultimately led to the decision to terminate his appointment.

¶13 We also find no error in the administrative judge's declining to expand the scope of the hearing to include the issue of whether the appellant's appointment was or should have been a reinstatement. IAF, Tab 28; PFR File, Tab 1 at 11 n.6. The appellant argued that because he had been reinstated he met the statutory definition of employee in 5 U.S.C. § 7511(a)(1)(A)(i). IAF, Tab 28 at 1. He argued in the alternative that the agency's failure to reinstate him may have violated USERRA. *Id.* at 1-2. An appellant can raise a claim not included in the appeal at any time before the end of the conference held to define the issues in the case. 5 C.F.R. § 1201.24(b). The appellant's motion to expand the scope of the hearing was filed after the prehearing conference. IAF, Tab 28. The administrative judge considered the appellant's arguments regarding the nature of his appointment in the context of the circumstantial evidence the appellant relied on to support his USERRA claim and found it was insufficient to meet the appellant's burden. ID at 7-9. We find no abuse of discretion in the administrative judge declining to expand the scope of the hearing after the prehearing conference had been held.

**The new jurisdictional issues the appellant presented on review are not relevant to his USERRA claim and are more appropriately addressed in a separate appeal.**

¶14 The appellant has made new arguments on review that could form new bases for the Board's jurisdiction. He alleges that his appointment was term and not temporary and that he was denied procedural due process when his appointment was terminated. PFR File, Tab 1 at 6-12. The appellant argues that he was either terminated during his trial period or, in the alternative, that he

completed his trial period by completing his tour of duty on the day before the anniversary date of his appointment and met the statutory definition of "employee" found at 5 U.S.C. § 7511(a)(1)(A)(i).[4] *Id.* He acknowledges that these are "additional grounds" for an appeal. PFR File, Tab 1 at 3 n.1.

¶15 After fully considering the filings in this appeal, we conclude that the administrative judge's decision to deny the appellant corrective action under USERRA was appropriate. *See* 5 C.F.R. § 1201.115. Therefore, we DENY the petition for review. The initial decision refers to the appellant's appointment as both "temporary" and "term." *Compare, e.g.*, ID at 1 (the appellant appealed the termination of his term appointment), *with* ID at 2 (the appellant received a temporary appointment to the Housekeeping Aid position). We MODIFY the initial decision to delete any reference to the nature of the appellant's appointment as either term or temporary, which is immaterial to the appellant's USERRA claim. Except as MODIFIED by this Final Order, the initial decision of the administrative judge is final with respect to the USERRA claim.

¶16 We FORWARD the appellant's petition to the regional office for docketing as an appeal to address his new claim that he was an "employee" who could appeal his removal under 5 U.S.C. chapter 75. *See, e.g.*, PFR File, Tab 1 at 5. We make no finding as to whether the Board has jurisdiction over this new appeal or whether it has been timely raised, and both of these issues should be addressed by the administrative judge.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to

---

[4] On review the appellant cites to 5 U.S.C. § 7511(a)(1)(A)(i), which is a definition of "employee" for individuals in the competitive service, but it appears he argued before the administrative judge that his position was in the excepted service. ID at 8. The definition of "employee" differs between the excepted service and the competitive service. 5 U.S.C. § 7511.

request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.